**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-07-121 |
| | § | C.A. No. C-07-415 |
| ADELAIDO MILAN, JR., | § | |
| | § | |
|     Defendant/Movant. | § | |

**ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE
AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Adelaido Milan, Jr.'s ("Milan") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 with supporting memorandum, which was received by the Clerk on October 25, 2007. (D.E. 27.)[1] The Court ordered the government to respond. (D.E. 28.) After seeking and receiving an extension of time to respond (D.E. 30, 33), the government filed a combined response and motion to dismiss on January 11, 2008. (D.E. 34, 35.) Milan sought and received an extension of time to file his reply. (D.E. 29, 36.) Milan had until February 24, 2008 to reply. (See D.E. 36.) To date, he has not filed a reply.

As discussed in detail herein, one of Milan's two claims is subject to dismissal because he waived his right to file that claim. His other claim, which arguably could fall outside the scope of his waiver, fails on its merits. For these reasons, the Court DENIES his § 2255 motion. Additionally, the Court DENIES Milan a Certificate of Appealability ("COA").

---

[1] Dockets entries refer to the criminal case, C-07-cr-121.

1

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTS AND PROCEEDINGS

### A.     Summary of Offense[2]

On February 14, 2007, at approximately 12:30 a.m., Milan was the driver and sole occupant of a tractor trailer that entered the U.S. Border Patrol Checkpoint near Falfurrias, Texas. The agents asked Milan if he was a United States citizen and Milan responded "yes." During the immigration inspection, a service canine alerted to the cab area of the tractor. Milan stated that he owned the trailer and denied anyone else had driven the tractor. When questioned about his load, Milan stated that the trailer was empty and that he was on his way to San Antonio, Texas to obtain a load of roses. Milan gave consent to the Border Patrol agents to inspect the tractor in the secondary inspection lane.

Once in the secondary lane, a canine alerted to the ceiling of the tractor. An agent proceeded to remove the padding of the ceiling, revealing a hidden compartment covered by a metal plate. Upon removing the metal plate, the agents discovered 38 bundles of marijuana wrapped in gray duct tape. When processing the marijuana the following day, DEA agents discovered that one of the bundles actually contained a brick of cocaine wrapped in brown tape and sealed in clear plastic. The net weight of the marijuana was 363.9 kilograms. The cocaine had a net weight of 1.002 kilograms at 38.9% purity.

Milan denied knowledge of how the marijuana was placed in the compartment and declined to answer any further questions.

---

[2] The offense conduct as set forth herein is derived from Paragraphs 4 through 7 of the Presentence Investigation Report ("PSR").

**B.     Criminal Proceedings**

On March 14, 2007, Milan was charged in a single count indictment with knowingly possessing with intent to distribute approximately 363 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B).  (D.E. 7.)  On April 26, 2007, Milan pleaded guilty pursuant to a written plea agreement with the United States.  (D.E. 14, 15.)

In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive maximum credit for acceptance of responsibility, and to recommend a sentence at the lowest end of the applicable guideline range. (D.E. 15 at ¶¶ 1-2.)  The plea agreement included a voluntary waiver of Milan's right to appeal and to file a § 2255 motion:

> Defendant waives his/her right to appeal both the conviction and the sentence imposed.  Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant waives the right to appeal the sentence imposed or the manner in which it was determined.  The defendant may appeal <u>only</u> (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that 28 U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 15 at ¶ 7 (emphasis in original).)  The agreement was signed by both Milan and his counsel. (D.E. 15 at 5.)

At Milan's rearraignment, the Court specifically questioned Milan under oath to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his right to file a § 2255 motion.  After discussing his waiver of his appellate rights, the Court admonished:

3

> **THE COURT:** There's another right in this plea agreement that you're giving up, and it's also personal, but it's independent of this right to appeal and trial rights. That's a right to file a motion for downward departure – sorry – it's a right to file a post-conviction remedy. You don't have a right to file a downward departure. Let's get that clear. It's the right you would ordinarily have had to file a post-conviction remedy. It's also called a statutory 2255, or a writ of habeas corpus. And you could have ordinarily tried to set aside your conviction and/or your sentence by challenging such matters as constitutionality, jurisdiction or ineffective assistance of counsel. If you go forward today, you give up that right forever as to this case. Do you understand that?
>
> **THE DEFENDANT:** Yes, I do.

(D.E. 32, Rearraignment Transcript ("R. Tr.") at 18-19.)

Also at the rearraignment, Assistant United States Attorney Elsa Salinas-Patterson summarized Milan's plea agreement, and included a statement that "[h]e's also giving up his right to collaterally attack the conviction or sentence, after that conviction or sentence has become final, by means of a Title 28, United States Code, 2255." (R. Tr. at 20.) Immediately following that summary, Milan testified that the discussed plea agreement was his, that it was his entire agreement, and that he understood it. (R. Tr. at 20-21.) The Court showed Milan a written copy of the plea agreement. Milan testified that the agreement was his, that he had signed the last page, and that he had read it completely and discussed it completely with his attorney before signing it. (R. Tr. at 21.) It is clear from the foregoing that Milan's waiver of § 2255 rights was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report ("PSR"). (D.E. 16.) The PSR calculated Milan's base offense level at 28. (PSR at ¶ 12.) It made no adjustments, except for a three-level adjustment for acceptance of responsibility, resulting in a total offense level of 25. (PSR at ¶ 12-21.)

Milan had 0 criminal history points. (PSR at ¶ 24.) When coupled with his criminal history category of I, his resulting guideline imprisonment range was from 60 to 71 months. (PSR at ¶ 36.) Neither the government nor Milan filed any objections to the PSR.

Sentencing was held on July 3, 2007. (D.E. 24; see generally D.E. 31, Sentencing Transcript ("S. Tr.").) The Court adopted the Presentence Investigation Report, except that it also found that Milan was entitled to an additional two level-reduction for being a minor participant in the offense (S. Tr. at 5.) Additionally, the Court agreed with the government's recommendation that Milan qualified for safety-valve relief. (S. Tr. at 4-5.) Thus, the offense level was reduced to 21, resulting in a guideline range of 37 to 46 months. (S. Tr. at 5.) The Court sentenced Milan to 37 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term. (S. Tr. at 6-7; D.E. 25.) The Court also imposed a $100 special assessment. (S. Tr. at 7; D.E. 25.) Judgment of conviction and sentence was entered July 6, 2007. (D.E. 25.)

Consistent with his waiver of appellate rights, Milan did not appeal. Milan's timely § 2255 motion was received by the Clerk on October 25, 2007. (D.E. 27.)

### III. MOVANT'S ALLEGATIONS

Milan asserts two claims, although he provides little detail in support of either one. First, he argues that his conviction was "obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable" to him. In support of this claim, Milan argues that the prosecutor failed to disclose that the cocaine found in the trailer would be part of his offense. (D.E. 27 at 4.) His second claim is related. He argues that the prosecutor's addition of the cocaine to the case and the inclusion of the cocaine in determining his offense level constituted "double jeopardy." (D.E. 27 at 4.)

The government has moved for dismissal or, in the alternative, for summary judgment against

Milan's motion in its entirety on the grounds that it is barred by his waiver of § 2255 rights. The government also argues that his motion should be dismissed because "both of his complaints are patently frivolous." (D.E. 34 at 8.)

For the reasons set forth herein, Milan's claims fail.

### IV. DISCUSSION

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

The Court need not address whether Milan has procedurally defaulted his claims by failing to appeal. Rather, the Court concludes that he validly waived his second claim, which is unrelated to his plea. See infra Section IV.C.; United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights). Moreover, even if it were properly before the Court, it fails on its merits. See infra Section IV.C.

His first claim, i.e., that his conviction was obtained unconstitutionally because the government failed to disclose that the cocaine found in the trailer would be part of the evidence against him, could *arguably* be construed as a challenge to his plea, although it is difficult to tell

6

because the claim is so lacking in detail. In any event, even if it were construed as a challenge to his plea, and hence his waiver, there is no merit to this claim, either, as discussed more fully herein.

**B.      Claim That Prosecutor Failed to Disclose That the Cocaine Would Be Evidence Against Milan**

Although he asked for and was given ample opportunity to reply to the government's motion to dismiss, Milan has not filed a reply. Thus, the Court is left with only his § 2255 motion in order to determine the nature of his claims. In its entirety, Milan lists only the following as "facts" in support of his first claim: "The prosecutor failed to disclose the cocaine substance as to add as part of evidence toward marijuana charge." (D.E. 27 at 4.)

As an initial matter, the Court notes that the existence of the cocaine among the marijuana found in Milan's trailer is not evidence "favorable" to him, such that the government had an obligation under Brady[3] to disclose it. Moreover, to the extent he is challenging the fact that he was sentenced based on cocaine, the additional cocaine was properly included as relevant conduct, even though it was not charged in the indictment, because Milan admitted to possessing the cocaine at his rearraignment. See United States v. Booker, 543 U.S. 220, 244 (2005) (sentence may be enhanced based on facts constituting relevant conduct if those facts are admitted by the defendant); United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005) (neither the Sixth Amendment nor the principles set forth in Booker are violated where a district court imposes a sentence based on facts admitted by the defendant at rearraignment).

Indeed, there were several references to the cocaine at his rearraignment.[4] First, when the

---

[3]  Brady v. Maryland, 373 U.S. 83, 87 (1968) generally requires the prosecution to disclose exculpatory evidence to the defendant.

[4]  Given the repeated references to the cocaine at the rearraignment, as well as in the Presentence Investigation Report (see PSR at ¶¶ 6-7, 12 (referencing the package of cocaine found with the marijuana and including it as relevant conduct)), the Court is puzzled at the government's statement in its response that,

7

Court was ensuring that Milan understood the concept of relevant conduct and how it might impact his sentence, the following discussion occurred:

> THE COURT: Now, let's talk about relevant conduct. What is the total amount of relevant conduct you intend to prove at time of sentencing?
>
> MS. SALINAS-PATTERSON: The relevant conduct's going to be 1.08 kilograms average gross weight of cocaine, plus 363 kilograms of marijuana.
>
> THE COURT: The amount charged in Count 1, plus the cocaine.
>
> MS. SALINAS-PATTERSON: Do you understand that, Mr. Milan?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: Have you discussed all of these concepts with your attorneys, and do you understand them?
>
> THE DEFENDANT: Yes, ma'am.

(R. Tr. at 25.)

Later, when the AUSA was describing the facts of the offense, she referenced the fact that agents discovered the cocaine when processing the drugs retrieved from Milan's tractor. (R. Tr. at 28.) Milan told the Court that the prosecutor's statement was correct and that everything she had said was true. The Court asked whether he knew he was transporting drugs for distribution. He said that he did know, although he thought the drugs were in the trailer; he didn't realize they were in the tractor. (R. Tr. at 29-30.)

Milan's sworn statements in open court are entitled to a strong presumption of truthfulness.

---

"From the complaint to the imposition of sentence, the record is bereft of any evidence that the offense somehow involved cocaine." (D.E. 34 at 17.) The Court presumes the misstatement was inadvertent or due to counsel's failure to carefully review the record, rather than an intentional attempt to mislead the Court. Nonetheless, the Court cautions counsel for the United States to be more careful before making such sweeping statements in the future without sufficiently reviewing the record.

United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Put simply, Milan's sworn statements preclude the relief he seeks here.

It is clear from the record that Milan knew at the time he was pleading guilty that he would be held responsible for the cocaine found in his possession, as well as the marijuana. He nonetheless elected to plead guilty. Moreover, his admissions at his rearraignment obviate the need for those facts increasing his sentence to be charged in the indictment, or found beyond a reasonable doubt by a jury. See Booker, 543 U.S. at 244; Valenzuela-Quevedo, 407 F.3d at 733.

Furthermore, at sentencing, Milan told the Court that there were no errors anywhere in his PSR, despite the repeated references to the cocaine. (S. Tr. at 4.) This fact further undermines any claim that he did not know he would be sentenced based on the cocaine, as well as the marijuana. Accordingly, his first claim fails on its merits.

Similarly, to the extent that it could be construed as a challenge to his waiver, his first claim fails. Thus, the plea agreement and his § 2255 waiver are valid and enforceable.

**C.   Double Jeopardy Claim**

As noted, it is clear from the rearraignment that Milan understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for his waiver to be enforceable. See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up). Again, Milan's statements under oath are entitled to a strong presumption of truthfulness. Wilkes, 20 F.3d at 653; Cothran, 302 F.3d at 283-84. Those statements support the Court's conclusion that his wavier was knowing and voluntary. Milan's remaining claim, which alleges that his conviction or sentencing somehow violated the

9

prohibition against double jeopardy, falls within the scope of that waiver and is barred by it.

Moreover, even if it were properly before the Court, Milan's claim that it somehow constituted a "double jeopardy" violation to be sentenced on both the marijuana and the cocaine is frivolous. As explained by the Fifth Circuit:

> The Double Jeopardy Clause provides that no one shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Supreme Court has left no doubt that the clause protects defendants from both multiple prosecutions and multiple punishments for the "same offense."

United States v. Wittie, 25 F.3d 250, 254 & nn. 12-13 (internal citations omitted) (5th Cir. 1994), aff'd Wittie v. United States, 515 U.S. 389 (1995). In Wittie, the Fifth Circuit noted that careful attention must be paid to "distinguishing double jeopardy's prohibition of multiple prosecutions from its protection against impermissible multiple punishments." 25 F.3d at 254.

In the context of punishments (the only possible context Milan could be asserting since he has not endured any other prosecutions), it is clear that where the legislature intended to impose multiple punishments for the same offense, imposition of such sentences does not violate double jeopardy. 25 F.3d at 254-55. In the case before it, the Wittie court rejected defendant's argument that double jeopardy precluded the subsequent prosecution and conviction of conduct that was earlier included as relevant conduct at sentencing for a separate offense.

Milan has cited no authority, and the Court has been unable to find any, that concludes double jeopardy is violated by the use of drugs not charged in the indictment but included as relevant conduct at sentencing. Instead, this is common and typical practice and, post-Booker in an advisory guideline scheme, not violative of the Sixth Amendment. Cf. Wittie, 25 F.3d at 230 (it is well established that a defendant's base offense level for the offense of conviction must be determined on the basis of all "relevant conduct" as defined in U.S.S.G. § 1B1.3).

For all of the foregoing reasons, Milan's second claim fails. His § 2255 motion is therefore DENIED in its entirety.

**D.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Milan has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the

denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Milan is not entitled to a COA as to either of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims on their merits, nor would jurists of reason find it debatable that his valid and knowing waiver precludes consideration of his "double jeopardy" claim.

### V.  CONCLUSION

For the above-stated reasons, Milan's motion under 28 U.S.C. § 2255 (D.E. 27) is DISMISSED WITH PREJUDICE. The Court also DENIES Milan a Certificate of Appealability.

It is so ORDERED this 6th day of May, 2008.

_____
Janis Graham Jack
United States District Judge