IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | CR. No. C-07-121 |
| | § | |
| ADELAIDO MILAN, JR. | § | |

**ORDER RECOMMENDING THAT DEFENDANT BE
HOUSED CLOSE TO HIS FAMILY IN TEXAS
AND DENYING WITHOUT PREJUDICE
DEFENDANT'S LETTER MOTION FOR TRANSFER**

Pending before the Court is a *pro se* letter motion filed by Defendant Adelaido Milan, Jr., received by the Court on September 30, 2008, and docketed on October 7, 2008. (D.E. 41.) In it, Milan requests that the Court transfer him to a facility close to his family, who reside in Texas.

Milan was sentenced by this Court on July 3, 2007 to 37 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term. (D.E. 31, Sentencing Transcript ("S. Tr.") at 6-7; D.E. 25.) The Court also imposed a $100 special assessment. (S. Tr. at 7; D.E. 25.) Judgment of conviction and sentence was entered July 6, 2007. (D.E. 25.) Milan did not appeal. He filed a timely § 2255 motion, which the Court subsequently denied by order and final judgment entered May 6, 2008. (D.E. 27, 37-38.)

In the instant motion, Milan states that he is writing to ask the Court "about some issues that have [him] a little concerned." (D.E. 41 at 1.) He then explains that he currently is incarcerated in California and that he wants to be closer to his family and especially his two sons. He states that he has not been able to see his family, who live in Texas, for a year. He also makes passing reference to the fact that he has written letters to his court-appointed attorney in the underlying case, Alfred Montelongo, but apparently Mr. Montelongo has not responded. However, Milan is not primarily asserting claims against his attorney. Indeed, the only relief he asks for is that the Court

"consider doing a motion for me to be transferred close to home where I can see my family once in a while." The letter has been properly docketed as a motion to transfer to another facility.

According to the Bureau of Prisons' inmate locator function on its website, www.bop.gov, Milan's projected release date is October 22, 2009. Thus, it appears that he has approximately one year left on his sentence. Per Milan's request, the Court hereby makes the *recommendation* to the Bureau of Prisons that Milan be housed in a facility close to his family in Texas.

However, the Court cannot – and does not – *order* that the Bureau of Prisons transfer Milan. While the Court can make recommendations regarding the placement and transfer of prisoners in the custody of the Bureau of Prisons, and has now done so in this case, the decision of an offender's placement is ultimately a decision to be made by the BOP, in its discretion. Thus, if the Bureau of Prisons does not follow this Court's recommendation and continues to house Milan in California, any future requests to be transferred to a different facility are not properly addressed to this Court. Instead, Milan should seek such relief from the Bureau of Prisons.

## **CONCLUSION**

For the foregoing reasons, Milan's letter motion for transfer is DENIED WITHOUT PREJUDICE to his ability to seek such relief from the Bureau of Prisons. Nonetheless, the Court recommends to the Bureau of Prisons that Milan be placed in a facility in Texas as close to his family as possible.

ORDERED this 10th day of October, 2008.

_____
Janis Graham Jack
United States District Judge